**Griffin v Gregorys Coffee Mgt. LLC**

2024 NY Slip Op 31904(U)

June 3, 2024

Supreme Court, New York County

Docket Number: Index No. 153397-2018

Judge: Suzanne Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

NICOLE GRIFFIN, on behalf of herself
and all others similarly situated,

        **Motion Sequence No. 9**

                    Plaintiffs,

        Index No.: 153397-2018

               -against-

GREGORYS COFFEE MANAGEMENT LLC,
f/k/a GREGORYS COFFEE MANAGEMENT INC.,
f/k/a GREGORYS COFFEE INC.,
d/b/a GREGORYS COFFEE, and
GREGORY ZAMFOTIS, individually,

                    Defendants.

------------------------------------------------------------------x

### FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, SERVICE AWARD TO NAMED PLAINTIFF, AND AWARD OF CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS

The above-entitled matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement, Service Award to Plaintiff, and Award of Class Counsel's Attorneys' Fees and Costs ("Motion for Final Approval").

Plaintiff filed the present Class Action Complaint in New York County Supreme Court on April 13, 2018. The Complaint alleged that Defendant violated the New York Labor Law ("NYLL") and its supporting New York State Department of Labor Regulations ("NYCRR") during the Class Period because Defendants Gregorys Coffee Management, LLC and Gregory Zamfotis (together, "Defendant") allegedly failed to provide maintenance pay for required uniforms, failed to pay Spread of Hours pay for shifts over 10 hours, and failed to compensate employees for breaks under 20 minutes in length. A Joint Settlement Agreement and Release ("Settlement Agreement") was executed by all parties to resolve this matter for up to $450,000. On October 6, 2023, Plaintiff filed a motion for Preliminary Approval of the Settlement

1

[* 1]

Agreement, Certification of the Class for Settlement Purposes, Appointment of Plaintiff as Class Representative, Appointment of the Law Firm of Bouklas Gaylord LLP as Class Counsel, Approval of the Class Notice, and Scheduling a Fairness Hearing, with an accompanying Memorandum of Law and supporting exhibits. On October 16, 2024, the Court granted preliminary approval of the Settlement Agreement, certified the Settlement Class, appointed Plaintiff as Class Representative, appointed Bouklas Gaylord LLP as Class Counsel, approved the Class Notice, and scheduled a date for the Fairness Hearing.

On January 26, 2024, the Claims Administrator mailed the Class Notice to all Class Members. Subsequently, Plaintiff filed a Motion for Final Approval of Class Action Settlement, Service Award to Plaintiff, and Award of Class Counsel's Attorneys' Fees and Costs. Defendant did not oppose this motion.

The Court held a Fairness Hearing on June 3, 2024. Class Counsel received no objections and one opt-out.

Having considered the Motion for Final Approval of the Class Action Settlement, Service Award to Named Plaintiff, and Award of Class Counsel's Attorneys' Fees and Costs, and the supporting Affirmation of Mark Gaylord, Esq., the oral argument presented at the Fairness Hearing, and the complete record in this matter, for the reasons set forth at the Fairness Hearing, and for good cause shown;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**Certification of The Settlement Class**

1.      The Court certifies the following under Article 9 of the New York Civil Practice Law and Rules ("CPLR") for settlement purposes only ("Settlement Class"):

> Named Plaintiff and all non-exempt employees employed by
> Defendant in the State of New York from April 14, 2012 through

2

[* 2]

August 1, 2023, who do not opt-out of the Action in accordance with the procedures set forth below.

## Approval of the Settlement Agreement

2. The Court hereby grants the Motion for Final Approval of the Class Action Settlement, Service Award to Named Plaintiff, and Award of Class Counsel Attorneys' Fees and Costs and finally approves the settlement as set forth in the Settlement Agreement of up to $450,000.

3. CPLR § 908 requires judicial approval for any compromise of claims brought on a class basis. In determining whether to approve a class action settlement, courts examine "the fairness of the settlement, its adequacy, its reasonableness and the best interests of the class members." *Fiala v. Met Life Insurance Co., Inc.*, 899 N.Y.S.2d 531, 537 (NY Sup. Ct. 2010) (citations omitted). Relevant factors in determining whether a settlement is fair, reasonable, and adequate include "the likelihood of success, the extent of support from the parties, the judgment of counsel, the presence of bargaining in good faith, and the nature of the issues of law and fact." *In re Colt Indus. Shareholder Litig.*, 155 A.D.2d 154, 160 (1st Dep't 1990) (citations omitted). A court should also "balance the value of [a proposed] settlement against the present value of the anticipated recovery following a trial on the merits, discounting the inherent risks of litigation." *Fiala* at 538 (citation omitted). All of these factors weigh in favor of approving the settlement.

4. The claims in this case are for unpaid wages in the form of uniform maintenance pay pursuant to 12 N.Y.C.R.R. 146, unpaid Spread of Hours, and unpaid shifts under 20 minutes in length. The Court finds that these claims are appropriate for class adjudication. In reaching the settlement, Class Counsel took into account the risks of establishing liability, and also considered the time, delay, and financial repercussions in the event of trial and appeal by Defendant. The settlement negotiations were at all times hard fought and arm's length, between parties represented

[* 3]

by counsel experienced in wage and hour law, and they have produced a result that Class Counsel believes to be in the best interests of the Class in light of the costs and risks of continued litigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2nd Cir. 2005) (internal quotation omitted). Additionally, Defendant has and will continue to vigorously contest Plaintiff's claims if this action does not settle. In light of the strength and weakness of the case, the settlement easily falls within the range of reasonableness because it achieves a significant benefit for Plaintiff and the Settlement Class Members in the face of significant obstacles. While there is a possibility that the Class could recover more money, including interest, after trial, the Settlement provides the significant benefit of a guaranteed and substantial payout to Settlement Class Members, rather than "speculative payment of hypothetically larger amount years down the road." *Gilliam v. Addicts Rehab. Ctr. Fund*, 2008 WL 782596, at *5 (S.D.N.Y. 2008) (quoting *Teachers' Ret. Sys. Of Louisiana v. A.C.L.N. Ltd.*, 2004 WL 108726, at *5 (S.D.N.Y. 2004)).

**Service Award to the Class Representatives**

5.      The Court finds reasonable the service award of $15,000 to class representative, Nicole Griffin, given the contributions she made to advance the prosecution and resolution of the lawsuit. This award shall be paid from the settlement fund.

6.      A Court may grant service awards in a class action. Such awards "reward the named plaintiffs for the effort and inconvenience of consulting with counsel over the many years [a] case was active and for participating in discovery...." *Cox v. Microsoft Corp.*, 26 Misc.3d 1220(A), 4 (N.Y. Supp. 2007). Service awards "are particularly appropriate in the employment context... [where] the plaintiff is often a former or current employee of the defendant, and thus... he has, for the benefit of the class as a whole, undertaken the risks of adverse actions by employer or co-workers." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005).

4

[* 4]

7.      Plaintiff expended considerable time and effort to assist Class Counsel with the case. As such, her actions exemplify the very reason service fees are awarded. *See Frank* at 187 (recognizing the important role that plaintiffs play as the "primary source of information concerning the claim," including by responding to counsel's questions and reviewing documents).

8.      Plaintiff also assumed risks in prosecuting this action. Even where there is not a record of actual retaliation, service fees are appropriate in recognition of the risk of retaliation assumed by lead plaintiff for the benefit of absent class members. *Frank* at 187–188 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.").

9.      The service award totaling $15,000 for Plaintiff is reasonable for the services Plaintiff provided, and is well within the range awarded by courts in similar matters. *See Capsolas v. Pasta Resources Inc.*, 2012 WL 4760910, at *9 (S.D.N.Y. 2012) (approving service awards of $20,000 and $10,000 for class representatives in wage and hour action); *Lovaglio v. W & E Hospitality Inc.*, 2012 WL 2775019, at *4 (S.D.N.Y. 2012) (approving service awards of $10,000 each to three class representatives in wage and hour action); *Sewell v. Bovis Lend Lease, Inc.*, 2012 WL 1320124, at *13 (S.D.N.Y. 2012) (approving service awards of $15,000 and $10,000 for the class representatives); *Matheson v. T-Bone Restaurant, LLC*, 2011 WL 6268216, at *9 (S.D.N.Y. 2011) (approving service awards of $45,000 and $5,000 for the class representatives in a wage and hour class action); *Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *7 (E.D.N.Y. 2011) (approving service awards of $30,000, $15,000, and $7,500 in a wage and hour class action.)

**Award of Fees and Costs to Class Counsel**

10.     On September 8, 2022, the Court appointed Bouklas Gaylord LLP as Class Counsel

[* 5]

because they did substantial work identifying, investigating, litigating, and settling Plaintiff's and the Settlement Class Members' claims, have experience prosecuting and settling wage and hour actions, and are well-versed in wage and hour law and in class action law.

11. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the best interests of the class. Class counsel has committed substantial resources to prosecuting this case.

12. The Court hereby grants Class Counsel's request for attorneys' fees and cost and awards Class counsel $156,363.70, which is 33% of the settlement fund, plus fees and costs actually expended of $6,363.70.

13. The CPLR authorizes a court to grant attorneys' fees to class counsel who obtain a judgment on behalf of the class: "If a judgment in an action maintained as a class action is rendered in favor of the class, the court in its discretion may award attorneys' fees to the representative of the class based on the reasonable value of legal services rendered...." CPLR § 909.

14. A court may calculate reasonable attorneys' fees by either the lodestar method (multiplying the hours reasonably billed by an reasonable hourly rate) or based on a percentage of the recovery. *Fiala v. Met Life Ins. Co., Inc.*, 899 N.Y.S.2d 531, 540. Where a settlement establishes a common fund, the percentage method is often preferable because "the lodestar method has the potential to lead to inefficiency and resistance to expeditious settlement because it gives attorneys and incentive to raise their fees by billing more hours." *Cox v. Microsoft Corp.*, 26 Misc.3d 1220(A), 4 (N.Y. Sup. 2007).

15. Public policy favors a common fund attorneys' fees award in wage and hour class actions. *See Johnson v. Brennan*, 2011 WL 4357376, 19 (S.D.N.Y. 2011) ("If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk."); *see*

[* 6]

*also Sand v. Greenberg*, 2010 WL 69359, 3 (S.D.N.Y 2010) ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would be continue unabated and uncorrected.").

16. "Common fund recoveries are contingent on a successful litigation outcome." *Guaman v. Anja-Bar NYC*, 2013 WL 445896, 7 (S.D.N.Y. 2013). Such "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining to representation… and transfer a significant portion of the risk of loss to the attorneys taking a case. Access to the courts would be difficult to achieve without compensating attorneys for that risk." *deMunecas v. Bold Food LLC*, 2010 WL 3322580, 8 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). Many individual litigants, "cannot afford to retain counsel at fixed hourly rates… yet they are willing to pay a portion of any recovery they may receive in return for successful representation." *Id.* (citation omitted).

17. Regardless of the method used to determine reasonable attorneys' fees, a court should consider the following factors: "the risks of the litigation, whether counsel had the benefit of a prior judgment, standing at bar of counsel for the plaintiffs and defendants, the magnitude and complexity of the litigation, responsibility undertaken, the amount recovered, the knowledge the court has of the case's history and the work done by counsel prior to trial, and what it would be reasonable for counsel to charge a victorious plaintiff." *Fiala v Met Life Insurance Co., Inc.*, 899 N.Y.S.2d 531, 540 (N.Y. Sup. 2010). All of these factors weigh in favor of approving the requested fee.

18. Class Counsel's request for the 33% of the settlement fund is consistent with that awarded in these types of cases. The fee requested is also reasonable based on the fact that Class Counsel did substantial work on a fully contingent basis.

7

19. The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that will be required to spend administering the settlement going forward also supports their fee request.

20. The attorneys' fees, costs, and expenses shall be paid from the settlement fund.

**Settlement Procedure**

21. Within seven (7) days of the Effective Date, the Settlement Claims Administrator shall pay Class Counsel attorneys' fees and costs of $156,363.70 from the Settlement Fund.

22. Within seven (7) days of the Effective Date, the Settlement Claims Administrator shall pay the service award of $15,000 to Named Plaintiff Nicole Griffin.

23. Within seven (7) days of the Effective Date, the Settlement Claims Administrator shall pay claims administration fees of $16,492 to Analytics Consulting, Inc.

24. Within seven (7) days of the Effective Date, the Settlement Claims Administrator shall pay the remainder of the Settlement Fund (after subtracting the attorneys' fees and expenses, claims administration fees, employer-taxes, and service award) to Qualified Class Members in accordance with the allocation plan described in the Settlement Agreement.

25. The "Effective Date" means the date that all of the following have occurred: (A) the Court has entered the Final Approval Order, including stated provisions for the ward of service payments, and for attorneys' fees and reasonable costs, and (B) the judgment and the rulings on such motion has become Final. **"Final"** means the later of: (1) The governing time periods for seeking rehearing, reconsideration, appellate review and/or an extension of time for seeking appellate review have expired and there have been no such actions; or (2) If rehearing, reconsideration, appellate review, and/or an extension of time for seeking appellate review is sought, thirty (30) days after any and all avenues of rehearing, reconsideration, appellate review

8

and/or extension of time have been exhausted and no further rehearing, reconsideration, appellate review, and/or extension of time is permitted, and the time for seeking such things has expired, and the judgment has not been modified, amended, or reversed in any way. .

26.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

27.     This litigation shall be dismissed in its entirety with prejudice and all members of the Settlement Class who have not excluded themselves from the settlement shall be conclusively deemed to have released and discharged Defendant from, and shall be permanently enjoined from, directly or indirectly, pursuing and/or seeking to reopen, any and all claims that have been released pursuant to this settlement.

It is so ORDERED this 3rd

day ___June___, 2024

_____

J.S.C.

HON. SUZANNE ADAMS
J.S.C

9

[* 9]